596 A.2d 150

**In re District Justice Wallace S. SCOTT, Magisterial District 23–01–03 Berks County, Pennsylvania.**

Supreme Court of Pennsylvania.

Submitted Sept. 27, 1990.

Decided Sept. 13, 1991.

Gerard P. Egan, Natale F. Carabello, Jr., Philadelphia, for respondent.

Robert L. Keuch, Executive Director, Carlisle, for J.I.R.B.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

ZAPPALA, Justice.

Petitioner Judicial Inquiry and Review Board (JIRB) has filed a Petition To Implement Automatic Forfeiture Of Judicial Office, requesting that Respondent District Justice Wallace S. Scott be declared automatically removed from his judicial office as of January 29, 1990 and thereafter be

ineligible for judicial office. Respondent sought an extension of time to respond to the petition. The request was denied by per curiam order of this Court dated September 14, 1990.

The record in this case consists of the JIRB's petition, which includes a certified copy of the criminal information setting forth the charges made against the Respondent and certified copies of the sentencing orders entered on January 29, 1990, and the Respondent's petition for an extension of time. The JIRB has alleged, and the sentencing orders indicate as well, that the Respondent was convicted of hindering apprehension or prosecution, 18 Pa.C.S. § 5105(a)(3), and obstructing administration of law or other governmental function, 18 Pa.C.S. § 5101. The only description of the conduct giving rise to the criminal charges is contained in the information of the Berks County District Attorney's office.

With respect to the charges for which Respondent was sentenced, the information states that on or about March 13, 1988 to October 25, 1988, the Respondent "... did with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, conceal or destroy evidence of a crime or tampered with a witness, informant, document or other source of information ...", and "... did intentionally obstruct impair or pervert the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty...." No more detail of the Respondent's conduct than that contained in the information has been advanced by the JIRB's petition.

The JIRB has alleged that by virtue of the two convictions, the Respondent is subject to automatic forfeiture of his judicial office pursuant to Article V, Section 18(l) of the Pennsylvania Constitution because he was convicted of "misbehavior in office by a court." The term "misbehavior in office by a court" appears in Article V, Section 18(l) which provides:

A justice, judge or justice of the peace convicted of misbehavior in office by a court, disbarred as a member of the bar of the Supreme Court or removed under this section eighteen shall forfeit automatically his judicial office and thereafter be ineligible for judicial office.

Pursuant to Article V, Section 18, the task of finally determining whether a justice of the peace should be disciplined and, if so, the extent of the discipline and its consequences has been entrusted to this Court. *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987). Therefore, we must examine the record to determine whether suspension, removal, discipline, or compulsory retirement is warranted.

■ At the outset, we must clarify the misconception that may arise from the allegation of the JIRB that automatic forfeiture of office has occurred because the Respondent has been convicted of "misbehavior in office by a court". "Misbehavior in office" is not a temporal concept. "Misbehavior in office" is a separate ground for forfeiture that was intended to encompass only those convictions for crimes involving misuse of the judicial office.

■ The sparse record presented to this Court is inadequate to sustain a determination that the Respondent has been convicted of "misbehavior in office by a court." We do find, however, that the record demonstrates that the convictions of the Respondent warrant the serious sanction of removal as of January 29, 1990 and that the Respondent be declared ineligible hereafter for judicial office. It is so ordered.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., files a concurring opinion.

FLAHERTY and PAPADAKOS, JJ., file a concurring opinion.

NIX, Chief Justice, concurring.

I agree with the majority that "misbehavior in office" as defined under Article V, Section 18(*l*)[1] of the Pennsylvania Constitution is not merely a temporal concept. It may not be applicable every time a sitting jurist commits a crime unrelated to his or her judicial responsibilities. However, where the jurist has been convicted of hindering apprehension or prosecution under 18 Pa.C.S.A. § 5105(a)(3),[2] or obstructing administration of law under 18 Pa.C.S.A. § 5101,[3] the conviction of those offenses by definition establishes a sufficient basis for concluding that the jurist has "misbehaved in office" under Article V, § 18(*l*). The conduct need not be confined to matters over which the jurist was personally presiding; it is sufficient if it is shown that he or she has used the office to improperly intervene or importune in any legal proceeding with the intent of influencing the outcome for the benefit of one of the litigants therein.

I therefore would find in this case misbehavior in office as defined in Article V, Section 18(*l*) has been satisfied as a result of his convictions under 18 Pa.C.S.A. 5101 and 5105.

1. The Judiciary
   (1) A justice, judge or justice of the peace convicted of misbehavior in office by a court, ... shall forfeit automatically his judicial office and thereafter be ineligible for judicial office.
   Pa. Const. art. 5, § 18(*l*).

2. § 5105. Hindering apprehension or prosecution
   (a) Offense defined.—A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he:
   (3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence.
   18 Pa.C.S.A. § 5105(a)(3).

3. § 5101. Obstructing administration of law or other governmental function
   A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law....
   18 Pa.C.S.A. § 5101.

FLAHERTY, Justice, concurring.

I concur in the result reached by the majority, namely removal of Respondent from judicial office, but write separately in the belief that Respondent's convictions were for "misbehavior in office," which, pursuant to Art. 5, § 18(*l*) of the Pennsylvania Constitution, requires automatic forfeiture of judicial office. For the reasons stated in my dissenting opinion in *In re Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991), convictions such as the present ones, to wit, for hindering apprehension or prosecution and obstructing administration of law or other governmental function, should result in automatic forfeiture of judicial office.

PAPADAKOS, Justice, concurring.

I concur in the result reached by the majority, namely, removal from judicial office, but write separately to express my view that the Respondent was neither charged with, nor convicted of, the common law crime of misbehavior in office. I believe this crime is still extant, not having been specifically abrogated by the legislature. See my concurring opinion in *In re Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991).

Unquestionably, the crimes for which Respondent was convicted warrant his removal from judicial office.